Filed 11/30/21  P. v. Haines CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Trinity)

----

| | |
|---|---|
| THE PEOPLE, | C092704 |
| Plaintiff and Respondent, | (Super. Ct. No. 19F097) |
| v. | |
| RAE ANN HAINES, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Rae Ann Haines has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 123-124.)

FACTUAL AND PROCEDURAL BACKGROUND

On August 5, 2019, the victim aggressively banged on the door of defendant's apartment and began to argue loudly with defendant about defendant's treatment of the

victim's mother (who lived downstairs from defendant).  A neighbor saw the victim pushing on defendant's door with her shoulder.  The door opened to reveal defendant holding a large, curved sword.  Defendant yelled, "I'm going to kill you," and swung the sword erratically at the victim, who tried to retreat downstairs.  Defendant struck the victim multiple times, and the victim suffered a five-inch cut on her arm and a one-half-inch cut on her shoulder.

Police arrived and arrested defendant.  Defendant told police her door had been previously damaged, but now it had been further damaged and would no longer lock.  Defendant also told police that the victim had previously threatened her.

Defendant was charged with assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1);[1] count one), preparing to burn a structure (§ 455, subd. (a); count two), placing flammable material around a structure (§ 455, subd. (b); count three), and possession of combustible material (§ 453, subd. (a); count four).  With respect to count one, it was further alleged defendant personally inflicted great bodily injury on the victim.  (§ 12022.7, subd. (a).)

In August 2019, defense counsel declared doubt as to defendant's competency to stand trial.  (§ 1368 et seq.)  The court-appointed evaluator subsequently evaluated defendant and opined she was not currently competent to stand trial.  In October 2019, the trial court found defendant to be not competent to stand trial and suspended criminal proceedings.

In October 2019, evaluators for a conditional release program opined defendant was not a candidate for their outpatient program.  It was recommended defendant be sent for treatment at a state facility and the court ordered defendant committed in December

---

[1]     Undesignated statutory references are to the Penal Code.

2019. The medical director of the facility certified defendant as mentally competent to stand trial in February 2020.

The court appointed two additional evaluators in April 2020. The first evaluator opined in May 2020 that defendant did not currently present as legally insane. Still, defendant had a history of mental illness and might have been "laboring under a severe defect in her ability to reason at the time of the offense." In his May 2020 report, the second evaluator also noted defendant's history of mental illness. However, in his opinion, defendant did not meet the legal test for insanity.

In July 2020, defendant pleaded no contest to assault with a deadly weapon (§ 245, subd. (a)(1)) and admitted the great bodily injury enhancement (§ 12022.7, subd. (a)). The remaining counts were dismissed with a *Harvey*[2] waiver. In August 2020, the trial court sentenced defendant to state prison for an aggregate term of six years, as follows: three years for the assault charge plus three years consecutive for the great bodily injury enhancement. The trial court also imposed an $1,800 restitution fine (§ 1202.4, subd. (b)), a corresponding $1,800 parole revocation restitution fine (suspended unless parole is revoked) (§ 1202.45), a $40 court operations assessment (§ 1465.8, subd. (a)(1)), and a $30 criminal conviction assessment (Gov. Code, § 70373). The trial court awarded custody credit.

Defendant did not seek a certificate of probable cause on appeal.

DISCUSSION

Upon review of the record, we have identified clerical errors in the abstract of judgment. Based on defendant's conviction, the amount assessed under section 1465.8 was $40 and the amount assessed under Government Code section 70373 was $30.

---

**2**      *People v. Harvey* (1979) 25 Cal.3d 754.

These figures are transposed on the abstract of judgment. We shall order the trial court to prepare an amended abstract of judgment to correct these errors.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of her right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

We have undertaken an examination of the entire record and find no arguable error that would result in a disposition more favorable to defendant.

### DISPOSITION

The trial court is directed to prepare an amended abstract of judgment reflecting the amount assessed under Penal Code section 1465.8 is $40 and the amount assessed under Government Code section 70373 is $30. The trial court is further instructed to forward the amended abstract of judgment to the Department of Corrections and Rehabilitation. The judgment is affirmed.

                                        KRAUSE            , J.


We concur:


        RAYE            , P. J.



        HULL            , J.

4